IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICHARD BOWER**  **PLAINTIFF**
**ADC #144498**

V.                          NO. 4:23-cv-01167-LPR-ERE

**FREDDY CHILDS**  **DEFENDANT**

## ORDER

Defendant Freddy Childs has filed a motion for summary judgment on the issue of exhaustion, a brief in support, and a statement of undisputed facts. *Docs. 24, 25, 26.* *Pro se* plaintiff Richard Bower has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Mr. Bower's response should include his legal arguments, as well as affidavits,[1] prison records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

---

[1] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746, by including the following statement before the date and signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

In addition, pursuant to Local Rule 56.1,[2] Mr. Bower must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Bower's statement of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendant Fields' statement of undisputed facts. *Doc. 26*. If Mr. Bower disagrees with any of the facts in Defendant Fields' statement of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact.

If Mr. Bower relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Bower's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

Defendant Fields' motion for summary judgment concerns only whether Mr. Bower fully and properly exhausted the grievance process with regard to his claims

---

[2] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

against him *before* filing this lawsuit. Therefore, Mr. Bower's response to this motion should focus on that issue.

IT IS THEREFORE ORDERED THAT:

1. Mr. Bower has until **June 21, 2024**, to file: (1) a response to Defendant Fields' motion for summary judgment on the issue of exhaustion; and (2) a separate statement of disputed facts. As to any filing, Mr. Bower should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2. Mr. Bower is advised that the failure to timely and properly file a response and statement of disputed facts may result in: (1) all of the facts in the Defendant Childs' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

SO ORDERED 29 May 2024.

_____
UNITED STATES MAGISTRATE JUDGE