IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICHARD BOWER**  **PLAINTIFF**
**ADC #144498**

V.                NO. 4:23-cv-01167-LPR-ERE

**FREDDY CHILDS**  **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.  Background

*Pro se* plaintiff Richard Bower, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Docs. 1, 7, 11*. In his amended complaint, Mr. Bower alleges that ADC Officer Freddy Childs used excessive force against him on one occasion "splitting the upper bone of [his] arm." *Doc. 11 at 4*.

Mr. Bower is currently proceeding on his excessive force claim against Officer Childs in his individual capacity.[1]

Pending before the Court is Officer Child's motion for summary judgment, brief in support, and statement of facts. *Docs. 24, 25, 26.* Officer Childs argues that Mr. Bower failed to fully exhaust his excessive force claim against him before filing this lawsuit. Mr. Bower has responded to Officer Child's motion (*Doc. 29*), which is now ripe for review.

For the reasons stated below, Officer Childs' motion for summary judgment (*Doc. 24*) should be granted.

**III.   Discussion**

    **A.   The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*,

---

[1] The Court previously dismissed Mr. Bower's claims against the ADC and his claims for money damages against Officer Childs in his official capacity. *Doc. 20.*

340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Bower to satisfy the ADC's requirements for raising and exhausting his pending claims before bringing this action.[2]

B.   The ADC Grievance Procedure

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 24-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

To complete the exhaustion process before bringing this lawsuit, Mr. Bower was required to present his claims against all Defendants in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

C.   **Mr. Bower's Grievance History**

Officer Childs submits the declaration of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor. *Doc. 24-1*. Ms. Grigsby-Brown states that, based on her review of Mr. Bower's grievance history, she found one grievance filed during the time period relevant to the excessive force claim raised in this case, CU-23-137. *Id. at 7*. In that grievance, Mr. Bower states, "due to the inflation rate and higher

prices is it not time to increase our indigent money." *Doc. 24-4 at 2*. That complaint is completely unrelated to Mr. Bower's excessive force claim against Officer Childs.

In responding to Officer Childs' motion, Mr. Bower argues "there are no genuine disputed to be tried."[3] However, Mr. Bower offers no evidence or relevant argument creating any genuine issue of material fact as to whether he fully exhausted his excessive force claim against Officer Childs. Accordingly, on this record, Officer Childs is entitled to judgment as a matter of law.

### IV.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Officer Childs' motion for summary judgment (*Doc. 24*) be GRANTED.

2. Mr. Bower's excessive force claim against Officer Childs be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

Dated 1 July 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] *Doc. 29 at 2*.